UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST LEE WOODARD,<br><br>   Plaintiff,<br><br>   v.<br><br>SAN MATEO COUNTY SHERIFF DEPARTMENT, et al.,<br><br>   Defendants. | Case No. 20-cv-06452-WHO<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 18 |

On November 30, 2020, defendants moved to dismiss pro se plaintiff Earnest Lee Woodard's Complaint. Dkt. No. 15. Woodard failed to timely oppose the motion by December 14, 2020. Accordingly, on December 16, 2020, I issued an order to show cause for failure to prosecute and allowed Woodard to oppose the motion by January 6, 2021. Dkt. No. 18. Woodard has not filed an opposition or otherwise responded to my order.

It is well established that district courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead*, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. As described above, defendants filed a motion to dismiss and Woodard failed to timely oppose it. I issued an order to show cause for

1  failure to prosecute to give Woodard another chance to file an opposition, effectively extending
2  the response deadline from December 14, 2020 to January 6, 2021   Woodard still has not filed an
3  opposition or otherwise responded to my order.  This failure to prosecute hinders my ability to
4  move this case forward toward disposition and suggests that Woodard does not intend to litigate
5  this action diligently.

6  The third factor – prejudice to defendant – also weighs in favor of dismissal.  A rebuttable
7  presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of
8  an action.  *See In re Eisen*, 31 F.3d 1447, 1452 – 53 (9th Cir. 1994).  Nothing suggests such a
9  presumption is unwarranted here.

10  The fourth factor – public policy in favor of deciding cases on the merits – ordinarily
11  weighs against dismissal.  However, it is a plaintiff's responsibility to move toward disposition at
12  a reasonable pace and avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley*, 942 F.2d
13  648, 652 (9th Cir. 1991).  Woodard has not discharged this responsibility despite multiple
14  opportunities to oppose the pending motion to dismiss.  He was granted sufficient time in which to
15  oppose the motion.  Under these circumstances, the policy favoring resolution of disputes on the
16  merits does not outweigh Woodard's failure to file responsive documents within the time
17  granted.

18  The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.
19  Woodard had the opportunity to oppose the motion to dismiss but did not do so.  I then gave him
20  more time to oppose the motion, but he again failed to do so.

21  For the foregoing reasons, I find that the factors weigh in favor of dismissal.  This action is
22  hereby DISMISSED without prejudice for failure to prosecute and comply with court orders
23  pursuant to Federal Rule of Civil Procedure 41(b).

24  **IT IS SO ORDERED.**
25  Dated: January 14, 2021

William H. Orrick
United States District Judge